Filed 12/29/25 P. v. Covarrubias CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL MICHAEL COVARRUBIAS,<br><br>Defendant and Appellant. | B341925<br><br>(Los Angeles County Super. Ct. No. KA025647) |

Gabriel Michael Covarrubias (defendant) appeals from the trial court's order resentencing him under Penal Code section 1172.75.[1]  Defendant's attorney filed a brief raising no issues and asking this court to independently review the record, and defendant submitted a supplemental brief on his own behalf. Under the standard articulated in *People v. Delgadillo* (2022) 14

---

[1]      All further statutory references are to the Penal Code unless otherwise indicated.

Cal.5th 216, we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments defendant raises in his letter brief. (*Id.* at pp. 231-232.) Finding his arguments unmeritorious, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

I. **Facts**

A. *The underlying crimes*

On five different occasions between December 1994 and January 1995, defendant robbed four different store clerks at four different business establishments, brandishing a BB gun and taking $100 to $300 dollars from the cash registers.

B. *Conviction and appeal*

On November 30, 1995, a jury found defendant guilty of five counts of second degree robbery. For four of the counts, the jury found that defendant personally used a deadly or dangerous weapon within the meaning of section 12022.5, subdivision (b).

The trial court then held a bench trial and found beyond a reasonable doubt that defendant had suffered three prior convictions for: robbery (Case No. GA002941), attempted robbery (Case No. GA005064), and grand theft (Case No. GA005810). Accordingly, the trial court found true the allegations that defendant had served three prior prison terms (§ 667.5, subd. (b)); had two prior serious felony convictions (§ 667, subd. (a)(1)); and had two prior strikes within the meaning of our state's Three Strikes Law (§§ 667, 1170.12).

The trial court sentenced defendant to 137 years to life, consisting of five consecutive 25-year-to-life terms for each robbery count, plus enhancements of ten years for defendant's prior serious felony convictions (§ 667, subd. (a)(1)), one year for defendant's personal use of a deadly or dangerous weapon on

2

count one (§ 12022.5, subd. (b)), and three terms of four months for defendant's personal use of a deadly or dangerous weapon on counts two, three, and five (*ibid.*)—all to be served consecutively. The court also imposed but stayed three one-year terms for each of defendant's prior prison sentences (§ 667.5, subd. (b)).

Defendant appealed, and we affirmed defendant's conviction in an unpublished opinion but ordered defendant's sentence modified to reflect two five-year terms for defendant's prior serious felony convictions (rather than one ten-year term), and a single one-year term for defendant's remaining prior prison sentence (rather than three one-year terms).  (*People v. Covarrubias* (Dec. 9, 1997, B107539).)

## II.     Procedural Background

In September 2023, defendant's name appeared on a list from the California Department of Corrections and Rehabilitation (CDCR), indicating defendant was eligible for resentencing pursuant to Senate Bill 483 (§§ 1172.7, 1172.75). The trial court appointed counsel for defendant and set a resentencing hearing.  Defendant then filed a brief requesting that the court recall his sentence, strike the now-invalid one-year enhancement for his prior prison sentence pursuant to section 1172.75, and exercise its discretion to resentence him to a lower term.  The People opposed defendant's request.

After holding a hearing, the trial court recalled defendant's sentence and struck all of the enhancements under sections 12022, subdivision (b), 667, subdivision (a)(1), and 667.5, subdivision (b).  The court then sentenced defendant to 125 years to life, consisting of five consecutive 25-year-to-life terms, based on defendant's status as a third strike offender (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).

3

Defendant timely appealed.

## DISCUSSION

Enacted as part of Senate Bill 483, section 1172.75 declares "legally invalid" all one-year sentencing enhancements for serving a prior prison term except when the prior prison term was served for a "sexually violent offense." (§ 1172.75, subd. (a); Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) Once CDCR identifies a defendant as eligible for relief under this provision (§ 1172.75, subd. (b)), that defendant is entitled to a full resentencing at which the court can reconsider all sentencing decisions under the law in effect at the time of resentencing. (§ 1172.75, subd. (d)(1) & (2); see also *People v. Espino* (2024) 104 Cal.App.5th 188, 193, 195, review granted Oct. 23, 2024, S286987; *People v. Green* (2024) 104 Cal.App.5th 365, 373.)

After recalling defendant's sentence and striking the prior prison term enhancement, the trial court did not err in resentencing defendant to a total of 125 years to life, consisting of a 25-year-to-life term for each robbery conviction. The Three Strikes Law dictates that where a defendant has been convicted of two or more prior serious or violent felonies (i.e., "strikes"), the defendant's sentence for a subsequent felony shall be, at a minimum, three times the term otherwise imposed by law or 25 years, whichever is greater. (§ 667, subd. (e)(2)(A); see § 213, subd. (a)(2) [maximum sentence for second degree robbery is five years].) Because the statute defines a serious or violent felony to include robbery and attempted robbery (§§ 667.5, subd. (c)(9), 1192.7, subd. (c)(19) & (39)), the trial court properly sentenced defendant as a third strike offender based on his prior convictions for robbery and attempted robbery.

Defendant responds with two arguments.

4

First, defendant argues that his prior conviction for robbery could not serve as a prior "strike" because his rap sheet lists it as a "misdemeanor." However, a felony is any offense "punishable . . . by imprisonment in the state prison" (§ 17, subd. (a)), and the only sentences authorized by law for robbery (both at the time of defendant's conviction and today) are two, three, or five years in state prison (§ 213, subd. (a)(2)). Although the Three Strikes Law provides that a conviction may not qualify as a strike if "the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor" (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1)), a felony offense can only be converted to a misdemeanor offense at the time of sentencing if the sentencing court has discretion to impose *either* imprisonment in state prison *or* in county jail (§ 17, subd. (b)). Because the sentencing court had no discretion to impose any sentence other than imprisonment in state prison, defendant's prior conviction for robbery is a felony, regardless of the "misdemeanor" label on his rap sheet. Nor does it matter that the court initially imposed probation in the prior robbery case because although a court may "suspend the imposing or the execution of the sentence" by ordering probation, doing so does not alter the sentence allowed by law or, consequently, the offense's classification as a felony. (§ 1203.1, subd. (a).) Indeed, here, the court ultimately revoked defendant's probation and sentenced him to two years in state prison—a result consistent with the prior robbery conviction's felony status.

Second, defendant argues that 125 years is an unfair sentence for the robberies at issue here, which involved "a broken BB gun," no injuries, and a maximum of $300 stolen. Although the trial court has discretion to dismiss a prior strike where doing so is "in furtherance of justice" (§ 1385, subd. (a); *People v.*

5

*Superior Court (Romero)* (1996) 13 Cal.4th 497, 504), the trial court here declined to do so because of defendant's "long history" of "robberies, drugs, [and] weapons."  The trial court was within its discretion in concluding that defendant was not "outside the spirit of the Three Strikes law," which is designed to impose long sentences on "'revolving door' career criminals."  (*People v. Carmony* (2004) 33 Cal.4th 367, 378-379; *People v. Anderson* (2019) 42 Cal.App.5th 780, 786.)

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.

HOFFSTADT


We concur:


_____, J.

BAKER


_____, J.

KIM (D.)

6